## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DATA CARRIERS, LLC,                     :
                                        :
            Plaintiff,                  :
                                        :
    v.                                  :
                                        :
NEWEGG, INC.,                           :
                                        :       C.A. No. 1:12-cv-00942-LPS
            Defendant and               :
            Counterclaim Plaintiff,     :
                                        :
    v.                                  :
                                        :
IP NAVIGATION GROUP, LLC,               :
                                        :
            Counterclaim Defendant.     :

## DEFENDANT IP NAVIGATION GROUP, LLC'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS NEWEGG INC.'S
## COUNTERCLAIM OR IN THE ALTERNATIVE TO STRIKE
## NEWEGG, INC'S REQUEST FOR RELIEF UNDER COUNTERCLAIM III

ECKERT SEAMANS CHERIN & MELLOTT, LLC
Kevin F. Brady, Esquire (Bar No. 2248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
kbrady@eckertseamans.com
302-574-7412 (Phone)
302-425-0432 (Fax)
*Attorneys for Counterclaim Defendant IP Navigation Group, LLC*

Dated: November 5, 2012

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................ 2

    A.    Newegg Has Failed to Properly Plead Sanctions Under Fed. R. Civ. P. 11 .................. 2

    B.    Newegg Has Failed to Properly Plead Sanctions Under 28 U.S.C. § 1927 ................... 4

    C.    Newegg Has Failed to State a Claim Upon which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) in its Counterclaim for Abuse of Process ......................................................................................... 6

    D.    In the Alternative, this Court Should Strike Newegg's Request for Relief pursuant to Federal Rule of Civil Procedure 12(f). ....................................... 7

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Anthony v. Abbott,*
   304 Fed. Appx. 66 (3d Cir. 2008) ............................................................................ 4

*Bayer AG v. Sony Elecs., Inc.,*
   229 F. Supp. 2d 332 (D. Del. 2002) ......................................................................... 6

*E.I. Du Pont De Nemours & Co. v. Heraeus Holding GMBH,*
   2012 U.S. Dist. LEXIS 140037 (D. Del. 2012) ....................................................... 7

*In re Prudential Ins. Co. America Sales Practice Litig.,*
   278 F.3d 175 (3d Cir. 2002) ................................................................................. 4, 5

*In re Schaefer Salt Recovery, Inc.,*
   542 F.3d 90 (3d Cir. 2008) ...................................................................................... 4

*Metro. Life Ins. Co. v. Kalenevitch,*
   2012 U.S. App. LEXIS 22262, 4-5 (3d Cir. 2012) .................................................. 3

*Reitz v. Dieter,*
   840 F. Supp. 353 (E.D. Pa. 1993) ....................................................................... 2, 3

*Sepracor Inc. v. Dey, L.P.,*
   2008 U.S. Dist. LEXIS 74193(D. Del. 2008) .......................................................... 7

*Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO,*
   829 F.2d 1370, 1375 (6th Cir. 1987) ...................................................................... 5

*STMicroelectronics N.V. v. Agere Sys., Inc.,*
   2009 Del. Super. LEXIS 184 (Del. Super. Ct. 2009) .............................................. 6

*TruePosition, Inc. v. Allen Telecom,*
   2003 U.S. Dist. LEXIS 881 (D.Del. 2003) .............................................................. 6

*Wooleyhan v. Cape Henlopen Bd. of Educ.*
   2010 U.S. Dist. LEXIS 65060, 18-19 (D. Del. 2010).............................................. 6

*Zuk v. Eastern Pennsylvania Psychiatric Institute,* 103 F.3d 294 (3d Cir. 1996) ......... 5

**Statutes**

28 U.S.C. §1927 ............................................................................................... 1, 2, 4, 5

**Rules**

Fed. R. Civ. P 11(c)(2)........................................................................................... 2

Fed. R. Civ. P. 12(b)(6)........................................................................................... 1

Fed. R. Civ. P. 12(f)................................................................................................ 7

Defendant IP Navigation Group, LLC ("IPNav"), by and through its undersigned counsel, respectfully submit this Memorandum of Law in support of its Motion to Dismiss on Newegg Inc.'s ("Newegg") Counterclaim or in the Alternative to Strike Newegg, Inc's Request for Relief Under Counterclaim III.

## **INTRODUCTION**

In its counterclaim, Newegg asks this Court to sanction IPNav and its lawyers because, among other things, IPNav allegedly abused the legal process when a company independent from IPNav -- Data Carriers, LLC's ("Data Carriers") -- filed a patent infringement suit regarding a patent that Data Carriers owns[1]. Newegg asks this Court to punish IPNav and its lawyers for violations of Fed. R. Civ. P. 11 even though: (i) it was Data Carriers and not IPNav who filed suit for infringement on a patent Data Carriers validly owns; and (ii) no IPNav lawyers took any action whatsoever in this case. Newegg demands that this Court punish IPNav's lawyers personally, even though IPNav lawyers, Eckert Seamans, filed no papers against Newegg in this patent action. Finally, Newegg demands that this Court follow Fed. R. Civ. P. 11 and sanction IPNav and its lawyers even though Newegg failed to comply with the procedural statutory requirements set forth therein.

Because Newegg's request for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. §1927 fail on their face to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and because Newegg failed to comply with the procedural requirements, Newegg's prayer for relief must fail and its request for relief stricken. In addition, Newegg's counterclaim for abuse of process fails to state a claim upon which relief can be granted because IPNav is not a plaintiff

---

[1] IPNav denies that this Court has personal jurisdiction over it as alleged by Newegg in paragraph 6 of the Counterclaim. IPNav expressly reserves and does not waive any of its rights to challenge this Court's jurisdiction at the appropriate time.

in the original patent infringement action and therefore, IPNav is not a proper party to an abuse of process claim. Accordingly, Newegg's abuse of process counterclaim against IPNav should be dismissed.

## ARGUMENT

### A.    Newegg Has Failed to Properly Plead Sanctions Under Fed. R. Civ. P. 11

Under Paragraph H of Newegg's Prayer for Relief on its Counterclaims, Newegg asks that this Court impose sanctions on IPNav and its lawyers pursuant to Fed. R. Civ. P. 11. Newegg's Answer and Counterclaim at p. 18. Newegg, however, has failed to properly plead a claim for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. §1927. Pursuant to Fed. R. Civ. P 11(c)(2) "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Newegg has not filed a separate motion for sanctions and has simply requested sanctions to be imposed upon defendants in their Prayer for Relief.  Neither an Answer nor a Counterclaim is the proper avenue for requesting such sanctions.

In the case *Reitz v. Dieter,* 840 F. Supp. 353, 356 (E.D. Pa. 1993), the Court was faced with a similar situation as here in that the plaintiff's motion was entitled "Motion to Dismiss Defendant's Counterclaim Pursuant to Federal Rule of Civil Procedures No. 12(b)(6)." "However, in the conclusion section, the plaintiff indicated that he wanted the counterclaim dismissed and  sanctions pursuant to Fed. R. Civ. P. 11. … as a result of Defendant's bringing forth a frivolous Counterclaim . . . ."  *Id.* The Court dismissed plaintiff's request as being legally insufficient noting that:

> The plaintiff's request for Rule 11 sanctions fails to satisfy the requirements of this district's local rules of civil procedure. See Local R. Civ. P. 20(a) ("Every motion shall be accompanied by a form of order which, if approved by the court would grant the relief sought by the motion"); Local R. Civ. P. 20(c) (requiring all

motions to be accompanied by a brief "containing a concise statement of the legal contentions relied upon . . . .); see also Fed. R. Civ. P. 8(b)(1). In short, the plaintiff's one-sentence request for sanctions does not constitute a legally sufficient "motion".

Newegg's request for relief does not even rise to the level of the request in *Reitz* where at least the plaintiff asked the court to dismiss the counterclaim. Here, Newegg asked for no relief for any alleged wrong to it. Instead, Newegg asked that IPNav and its lawyers be punished. Such request should be rejected for a number of reasons not the least of which is that Newegg failed to comply with Fed. R. Civ. P 11 by not filing a separate motion and has failed to comply with this Court's Local Rule of Civil Procedure 7.1.2. [2]

Not only has Newegg failed to file a separate motion as required by Rule 11, it has also failed to provide the 21 day safe harbor as required under Rule 11(c)(2).[3] The advisory committee addressed this provision in its notes of the 1993 amendments in stating:

> The rule provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion. The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegations or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

In *Metro. Life Ins. Co. v. Kalenevitch*, 2012 U.S. App. LEXIS 22262, 4-5 (3d Cir. 2012), the defendant failed to bring a separate motion under Rule 11 and also failed to comply with the 21 day rule provided for in Rule 11(c)(2) just as Newegg has failed to do in the instant case. The

---

[2] ("Unless otherwise ordered, all requests for relief shall be presented to the Court by motion. A moving party must clearly articulate within the body of the motion the relief requested and the grounds in support thereof, or must accompany the motion with either a supporting brief or a memorandum of points and authorities.")

[3] "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

Court of Appeals for the Third Circuit held that the request for sanctions must therefore fail and

stated:

> Kalenevitch failed, however, to comply with Rule 11(c)(2), which requires that a sanctions motion be "made separately from any other motion," and that it be served but not "filed or . . . presented to the court if the challenged [action] is withdrawn or appropriately corrected within 21 days after service[.]" Fed. R. Civ. P.11(c)(2). Kalenevitch did not present her sanctions motion separately from her motion for judgment on the pleadings, and she failed to serve the motion upon MetLife and wait twenty-one days before filing it. While MetLife objected to these procedural infirmities when it responded to the motion, Kalenevitch took no corrective action. This Court has recognized that, "[i]f the twenty-one day period is not provided, the [Rule 11] motion must be denied."

*Id.* quoting *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008). Because Newegg

failed to comply with the 21 day safe harbor provision in accordance with Rule 11, its prayer for

relief should be dismissed.

### B. Newegg Has Failed to Properly Plead Sanctions Under 28 U.S.C. § 1927

Newegg has also failed to properly plead sanctions under 28 U.S.C. § 1927. First as with

its Rule 11 allegations, Newegg has failed to comply with this Court's Local Rule of Civil

Procedure 7.1.2 in connection with its request for sanctions under 28 U.S.C. §1927. Second,

Newegg has improperly requested sanctions against a non-attorney, namely, IPNav. Section

1927 "requires a court to find an *attorney* has (1) multiplied proceedings; (2) in an unreasonable

and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad

faith or by intentional misconduct." (emphasis added) *In re Schaefer Salt Recovery, Inc.,* 542

F.3d 90, 101 (3d Cir. 2008) *quoting In re Prudential Ins. Co. America Sales Practice Litig.,* 278

F.3d 175, 188 (3d Cir. 2002). As the Court noted in *Anthony v. Abbott,* 304 Fed. Appx. 66, 68

(3d Cir. 2008), "28 U.S.C. § 1927 [] is strictly a basis for sanctions against an *attorney*."

(emphasis added) *quoting* 28 U.S.C. § 1927 (applies only to "[a]n attorney or other person

admitted to conduct cases in any court of the United States or any Territory thereof.") and *citing*

*In re Prudential,* 278 F.3d at 188 (stating that "[section] 1927 sanctions are applicable only to an attorney"). Since IPNav is not an attorney and was not a party to the original patent suit, Newegg's request for sanctions against IPNav must fail.

Newegg's request for sanctions against IPNav's counsel, Eckert Seamans, is similarly deficient. Newegg makes no allegations that Eckert Seamans was involved in any fashion in Data Carrier's original suit. Therefore, Eckert Seamans cannot be subject to sanctions. Moreover, "[b]efore a court can order the imposition of attorney's fees under 28 U.S.C. § 1927, it must find willful bad faith on the part of the offending attorney" and Newegg has failed to allege any actions rising to the level of willful bad faith on the part Eckert Seamans. *Prudential,* 278 F.3d at 188, *quoting Zuk v. Eastern Pennsylvania Psychiatric Institute,* 103 F.3d 294, 297 (3d Cir. 1996). "Indications of bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Prudential,* 278 F.3d at 188, *quoting Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO,* 829 F.2d 1370, 1375 (6th Cir. 1987). Newegg has failed not only to identify or allege any of the elements required under Section 1927, it has failed to identify or allege any action that Eckert Seamans has taken in this case let alone how Eckert Seamans has multiplied the proceedings "in an unreasonable and vexatious manner thereby increasing the cost of the proceedings in bad faith." Newegg has failed to allege these elements because they do not exist. Thus Newegg has nothing to support its claim to relief under 28 U.S.C. § 1927.

**C. Newegg Has Failed to State a Claim Upon which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) in its Counterclaim for Abuse of Process**.

Under Delaware law, the elements of abuse of process are "(1) an ulterior improper purpose; and (2) a willful act improperly used in the regular conduct of proceedings. Assessment of abuse of process involves investigation into and interpretation of the intent of the *persons invoking the process." Wooleyhan v. Cape Henlopen Bd. of Educ.,* 2010 U.S. Dist. LEXIS 65060, 18-19 (D. Del. 2010) *citing STMicroelectronics N.V. v. Agere Sys., Inc,* 2009 Del. Super. LEXIS 184, at *4 (Del. Super. Ct. 2009). Here, as IPNav is not the "person invoking the process" as the Court stated in *Wooleyhan,* IPNav is not a proper party to an abuse of process claim.

A claim of abuse of process is established when "the defendant … proves that the *plaintiff* had an 'ulterior purpose' and committed 'a willful act in the use of the process that is not proper in the regular conduct of the proceedings.'" (emphasis added). *TruePosition, Inc. v. Allen Telecom,* 2003 U.S. Dist. LEXIS 881, *21 (D.Del. 2003) citing *Bayer AG v. Sony Elecs., Inc.,* 229 F. Supp. 2d 332, 368 (D. Del. 2002). "There must be 'some definite act or threat not authorized by the process or aimed at an objective not legitimate in the use of process … there is no liability where the plaintiff has done nothing more than carry out the process to its authorized conclusion.'" *Id*. Again, IPNav is not a party to the original patent suit in which Newegg alleges Data Carriers and IPNav have engaged in conduct that amounts to abuse of process. As the Court stated in *TruePosition,* to prevail on a claim for abuse of process, the defendant must prove that the *plaintiff* had an ulterior purpose and committed a willful act in the use of process. IPNav is not a plaintiff and it did not authorize filing suit for patent infringement against Newegg. Thus, IPNav is not a proper party to an abuse of process claim and Newegg has failed to state a claim

upon which relief can be granted with regard to its counterclaim against IPNav. Accordingly, Newegg's Counterclaim III should be dismissed with prejudice.

### D.  In the Alternative, this Court Should Strike Newegg's Request for Relief pursuant to Federal Rule of Civil Procedure 12(f).

Should this Court not be inclined to grant IPNav's Motion to Dismiss, IPNav requests in the alternative that this Court strike Newegg's request for relief. Under Fed. R. Civ. P. 12(f), this Court has the power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The fact that Newegg is requesting that this Court punish IPNav and Eckert Seamans with sanctions when IPNav is not a party to the original patent case and there are no allegations that Eckert Seamans played any role in the original patent case (because it did not) is indeed scandalous, immaterial and impertinent.[4] In addition, such request for sanctions failed to comply with the procedural requirements.

Newegg has failed to make any allegations that would justify sanctions to either IPNav or its attorneys. Likewise, Newegg's request for relief is nothing more than a transparent attempt to improperly cast a derogatory light on IPNav, its counsel and their business and professional reputations without basis or justification.

"The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *E.I. Du Pont De Nemours & Co. v. Heraeus Holding GMBH,* 2012 U.S. Dist. LEXIS 140037 (D. Del. 2012), *quoting Sepracor Inc. v. Dey, L.P.,* 2008 U.S. Dist. LEXIS 74193,  at *2 (D. Del. 2008). IPNav respectfully submits that this is precisely what striking Newegg's request for relief will accomplish. Newegg's request for

---

[4] An "'[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Aoki v. Benihana Inc.,* 839 F. Supp. 2d 759, 764 (D. Del. 2012) *quoting Delaware Health Care, Inc. v. MCD Holding Co*., 893 F. Supp. 1279, 1291-1292 (D. Del. 1995). "'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Id.* "'Scandalous matter' has been defined as 'that which improperly casts a derogatory light on someone, most typically on a party to the action.'" *Id.* quoting *Carone v. Whalen, 121 F.R.D. 231*, 233 (M.D. Pa. 1988).

sanctions serves only to distract this Court from the issues to be tried and to prejudice IPNav in the prosecution of this matter and by impugning their business and professional reputations by injecting frivolous, unsubstantiated assertions that are now, but should not be, a part of the record.

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendant IPNav requests that this Court dismiss Newegg's counterclaim III with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative strike Newegg's prayer for relief pursuant to Federal Rule of Civil Procedure 12(f).

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Kevin F. Brady*
Kevin F. Brady, Esquire (Bar No. 2248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
kbrady@eckertseamans.com
302-574-7412 (Phone)
302-425-0432 (Fax)
*Attorneys for Counterclaim Defendant IP Navigation Group, LLC*

Dated: November 5, 2012