IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEWEGG INC., | ) | |
| | ) | |
| Plaintiff, (Counterclaim) | ) | |
| | ) | |
| v. | ) | C. A. No. 12-00942-LPS |
| | ) | |
| DATA CARRIERS, LLC AND | ) | |
| IP NAVIGATION GROUP, LLC | ) | |
| | ) | |
| Defendants (Counterclaim) | ) | |

**DEFENDANT IP NAVIGATION GROUP, LLC'S OPENING
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNT III OF
NEWEGG INC.'S FIRST AMENDED COUNTERCLAIM**

ECKERT SEAMANS CHERIN & MELLOTT, LLC
Kevin F. Brady, Esquire (Bar No. 2248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
kbrady@eckertseamans.com
302-574-7412 (Phone)
302-425-0432 (Fax)
*Attorneys for Counterclaim Defendant IP Navigation Group, LLC*

Dated: November 30, 2012

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

    A.    Newegg's Counterclaim for Abuse of Process Fails to State a Claim Upon Which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) ................ 2

    B.    Newegg Has Failed to Request Relief Against IPNav as Required by Red. R. Civ. P. 8(a)(3) ........................................................................................................................... 4

CONCLUSION ........................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Bayer AG v. Sony Elecs., Inc.*,
  229 F. Supp. 2d 332 (D. Del. 2002) ........................................................................... 2

*Spence v. Spence*,
  2012 Del. Super. LEXIS 188 (Del. Super. Ct. 2012) ................................................. 3

*STMicroelectronics N.V. v. Agere Sys., Inc*,
  2009 Del. Super. LEXIS 184 (Del. Super. Ct. 2009) ................................................. 2

*TruePosition, Inc. v. Allen Telecom*,
  2003 U.S. Dist. LEXIS 881 (D.Del. 2003) ................................................................. 2

*Wooleyhan v. Cape Henlopen Bd. of Educ.*,
  2010 U.S. Dist. LEXIS 65060 (D. Del. 2010) ............................................................ 2

**Statutes**

35 U.S.C. § 284 ................................................................................................................ 4

35 U.S.C. § 285 ................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 5

Fed. R. Civ. P. 8(a)(3) ............................................................................................. 1, 4, 5

Defendant IP Navigation Group, LLC ("IPNav"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss Count III of Newegg Inc.'s ("Newegg") First Amended Counterclaim.

## INTRODUCTION

In Count III of its Amended Counterclaim, Newegg, in a series of allegations largely based upon "information and belief," claims that IPNav allegedly abused the legal process when a company independent from IPNav -- Data Carriers, LLC's ("Data Carriers") -- filed a patent infringement suit regarding a patent that Data Carriers and not IPNav owns. In addition, Newegg alleges that IPNav abused the legal process by holding an event to auction off covenants not to sue regarding lawsuits completely unrelated to the patent-in-suit in the present case brought by Data Carriers.

Newegg's Count III of the Amended Counterclaim should be dismissed as to IPNav for several reasons. First, Newegg's counterclaim for abuse of process fails to state a claim upon which relief can be granted because; (i) IPNav is not a plaintiff in the original patent infringement action and therefore, IPNav is not a proper party to an abuse of process claim and (ii) the auction which Newegg alleges "constitutes a perverse abuse of the American justice system" did not involve the present patent-in-suit. Counterclaim ¶47. Secondly, while Newegg alleges that both Data Carriers and IPNav have abused the legal process, Newegg has failed to request any relief against IPNav as required by Fed. R. Civ. P. 8(a)(3). Newegg's entire prayer for relief requests relief only against Data Carriers, and therefore, Count III of the Amended Counterclaim as to IPNav should be dismissed.[1]

---

[1] Plaintiff/Third-Party Counterclaim defendant Data Carriers, LLC has also moved to dismiss Newegg's amended counterclaim. IPNav hereby joins in Data Carriers' Motion to Dismiss and incorporates herein by reference, where applicable, the arguments made in Data Carriers' brief in support of its motion .

# ARGUMENT

A.  **Newegg's Counterclaim for Abuse of Process Fails to State a Claim Upon Which Relief Can be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Under Delaware law, the elements of a claim for abuse of process are "(1) an ulterior improper purpose; and (2) a willful act improperly used in the regular conduct of proceedings. Assessment of abuse of process involves investigation into and interpretation of the intent of the *persons invoking the process."* *Wooleyhan v. Cape Henlopen Bd. of Educ.,* 2010 U.S. Dist. LEXIS 65060, 18-19 (D. Del. 2010) (emphasis added) citing *STMicroelectronics N.V. v. Agere Sys., Inc,* 2009 Del. Super. LEXIS 184, at *4 (Del. Super. Ct. 2009). Here, because IPNav is not the "person invoking the process" as the Court stated in *Wooleyhan.* IPNav simply cannot be a proper party to an abuse of process claim.

According to Delaware law, a claim of abuse of process can only be established when "the defendant … proves that the *plaintiff* had an 'ulterior purpose' and committed 'a willful act in the use of the process that is not proper in the regular conduct of the proceedings.'" *TruePosition, Inc. v. Allen Telecom,* 2003 U.S. Dist. LEXIS 881, *21 (D.Del. 2003) (emphasis added) (citing *Bayer AG v. Sony Elecs., Inc.,* 229 F. Supp. 2d 332, 368 (D. Del. 2002)). "There must be 'some definite act or threat not authorized by the process or aimed at an objective not legitimate in the use of process … there is no liability where the plaintiff has done nothing more than carry out the process to its authorized conclusion.'" *Id*. IPNav did not commence this action in which Newegg now alleges that both Data Carriers and IPNav have engaged in conduct that amounts to an abuse of process. As the Court stated in *TruePosition,* to prevail on a claim for abuse of process, the defendant must prove that the *plaintiff* had an ulterior purpose and committed a willful act in the use of process. *Id*. IPNav is not a plaintiff in this case and it did

2

not authorize filing suit for patent infringement against Newegg. Thus, IPNav is not a proper party to the abuse of process counterclaim and Newegg has failed to state a claim upon which relief can be granted with regard to Count III of its Amended Counterclaim as to IPNav.

Under Delaware law, "[a]buse of process is concerned with a perversion of the process *after* it is issued." *Spence v. Spence*, 2012 Del. Super. LEXIS 188, *10 (Del. Super. Ct. 2012) (emphasis added). Therefore, even if all of Newegg's allegations were true, which they are not, Newegg cannot bring a claim for abuse of process against a party for initiating a lawsuit. A claim for abuse of process requires a perversion of the process, *after* it is initiated.

Newegg also alleges that IPNav abused the legal process by holding an event to auction off covenants not to sue various defendants on patents other than the patent-in-suit in this action. Counterclaim ¶46 and 47. Indeed, by Newegg's own admission, those auctions did not involve the patent-in-suit in this litigation filed by Data Carriers. Counterclaim ¶46. The auctions that Newegg complains of involved two other patent cases in which Newegg was involved. If Newegg believes those actions were an abuse of process, the only proper parties to its abuse of process claim would be the plaintiffs in those actions which is neither IPNav nor Data Carriers. Newegg attempts to allege that these auctions are a perversion of the process after this litigation was filed, however, these auctions did not involve the patent-in-suit in this litigation. Therefore, such auctions cannot be considered an abuse of process to litigation in which they are unrelated. Accordingly, Count III of the Amended Counterclaim fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

**B.   Newegg Has Failed to Request Relief Against IPNav as Required by Fed. R. Civ. P. 8(a)(3)**

Newegg's prayer for relief seeks relief solely against Data Carriers. Newegg has failed to request any relief against IPNav and therefore Count III of its Amended Counterclaim should be dismissed as to IPNav. Federal Rule of Civil Procedure 8(a)(3) states in pertinent part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Newegg has failed to demand any relief against IPNav. Newegg's Prayer for Relief on its Amended Counterclaim states as follows:

> WHEREFORE, Newegg respectfully requests that the Court enter judgment in favor of Newegg and against Data Carriers and IP Navigation Group, and grant the following relief:
>
> A.   a declaration that Newegg has not infringed and does not infringe, either directly or indirectly, any claim of U.S. Patent No. 5,388,198;
>
> B.   a declaration that some or all claims of U.S. Patent No. 5.388,198 are invalid;
>
> C.   a declaration that Data Carriers shall take nothing by way of its Complaint;
>
> D.   dismissal with prejudice of the claims of Data Carriers' Complaint, in their entirety;
>
> E.   an order awarding Newegg its costs pursuant to 35 U.S.C. § 284;
>
> F.   an order finding that this is an exceptional case and awarding Newegg its reasonable attorney's fees pursuant to 35 U.S.C. § 285 and other applicable statutes, rules, and law;
>
> G.   an order enjoining Data Carriers, its owners, agents, employees, attorneys, representatives, and any successors or assigns thereof, from charging or asserting infringement

      of any claim of U.S. Patent No. 5,388,198 against Newegg
      or anyone in privity with Newegg;

  H.  such other and additional relief as the Court may deem just
      and proper.

  All of Newegg's requests for relief in its Prayer for Relief are directed solely at Data Carriers and relate to the patent-in-suit in this litigation. With regard to paragraphs A and B, IPNav is not a party to the Complaint filed in this action, nor does IPNav have any ownership interest in the patent-in-suit. Any request for a declaration of non-infringement or invalidity clearly does not involve IPNav. By their terms, Newegg's requested relief in paragraphs C and D is directed solely against Data Carriers. Paragraphs E and F of Newegg's Prayer for Relief seek costs and fees under Title 35 of the United States Code which applies only to patent litigation. IPNav is not a party to the underlying patent action and therefore the requests for relief sought in Paragraphs E and F cannot pertain to IPNav. Newegg's request in paragraph G of its Prayer for Relief requests injunctive relief solely against Data Carriers. Paragraph H is not addressed to IPNav, and in any event requests no specific relief.

  Clearly, the relief sought by Newegg is not against IPNav and Newegg has failed to request relief against IPNav as required by Fed. R. Civ. P. 8(a)(3). Accordingly, Count III of Newegg's Amended Counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

For the reasons set forth herein, Defendant IPNav respectfully requests that this Court dismiss Count III of Newegg's First Amended Counterclaim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

        ECKERT SEAMANS CHERIN & MELLOTT, LLC

        */s/ Kevin F. Brady*
        Kevin F. Brady, Esquire (Bar No. 2248)
        300 Delaware Avenue, Suite 1210
        Wilmington, DE 19801
        kbrady@eckertseamans.com
        302-574-7412 (Phone)
        302-425-0432 (Fax)
        *Attorneys for Counterclaim Defendant IP Navigation Group, LLC*

Dated: November 30, 2012