# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEWEGG INC., | ) | |
| | ) | |
| Plaintiff, (Counterclaim) | ) | |
| | ) | |
| v. | ) | C. A. No. 12-00942-LPS |
| | ) | |
| DATA CARRIERS, LLC AND | ) | |
| IP NAVIGATION GROUP, LLC | ) | |
| | ) | |
| Defendants (Counterclaim) | ) | |

## DEFENDANT IP NAVIGATION GROUP, LLC'S
## REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
## COUNT III OF NEWEGG INC.'S FIRST AMENDED COUNTERCLAIM

ECKERT SEAMANS CHERIN & MELLOTT LLC
Kevin F. Brady (No. 2248)
Jill Agro (No. 4629)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 574-7412
kbrady@eckertseamans.com
  *Attorneys for IP Navigation Group, LLC*

Dated: January 10, 2013

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    A.    Newegg's Improper Argument Regarding Post-Filing Discussions is Meritless and Outside of the Scope of a Motion to Dismiss. ............................................... 2

    B.    Newegg's Response Fails to State a Claim for Abuse of Process. ......................... 3

    C.    Newegg's Argument Regarding an Agency Relationship between Data Carriers and IPNav is Irrelevant. ........................................................................................ 4

    CONCLUSION ............................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Nix v. Sawyer*,
   466 A.2d 407 (Del. Super. 1983) .................................................................................. 3

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993) ........................................................................................ 2

*STMicroelectronics N.V. v. Agere Sys., Inc.*,
   2009 Del. Super. LEXIS 184, at *4 (Del. Super. 2009) ............................................... 3

*Wooleyhan v. Cape Henlopen Bd. of Educ.*,
   2010 U.S. Dist. LEXIS 65060 (D. Del. 2010) .............................................................. 3

**Treatises**

*Prosser, Law of Torts*, § 121 (4th Ed. 1971) ...................................................................... 3

Defendant IP Navigation Group, LLC ("IPNav"), by and through its undersigned counsel, respectfully submits this Reply Memorandum of Law in support of its Motion to Dismiss Count III of Newegg Inc.'s ("Newegg") First Amended Counterclaim.

## INTRODUCTION

Newegg cut most of the paragraphs from its Amended Counterclaim and pasted them into its response to IPNav's Motion to Dismiss in an attempt to magically transform Newegg's insufficient allegations of abuse of process against IPNav into a cognizable claim that can withstand a motion to dismiss. Newegg makes arguments that are either not relevant or not proper in response to a motion to dismiss. Indeed, the only new information Newegg offers in its response is a mischaracterized digest of the parties' settlement discussions that took place after Newegg filed its counterclaim but, before it amended its pleadings and a plea for discovery so Newegg can close the evidentiary gap that currently exists. Newegg not only mischaracterizes the parties' discussions,[1] but does so in violation of basic standards that limit the type of information permitted to be used during the motion to dismiss stage, i.e., information contained within the four corners of the complaint.

With regard to Newegg's argument regarding an agency theory, the case law relied upon by Newegg does not apply to the relationship between IPNav and Data Carriers thus rendering this argument irrelevant. Finally, Newegg has still failed to state a claim for relief specifically against IPNav. Accordingly, IPNav respectfully requests that Newegg's First Amended Counterclaim III be dismissed with prejudice.

---

[1] IPNav respectfully submits that this Court should not accept Newegg's invitation to violate the well-established standard for a motion to dismiss by engaging in a dispute as to the contours of settlement negotiation discussions that are not properly considered at the motion to dismiss stage.

**ARGUMENT**

A. **Newegg's Improper Argument Regarding Post-Filing Discussions is Meritless and Outside of the Scope of a Motion to Dismiss.**

Newegg argues that "post-filing communications between IPNav and Newegg give further credence to Newegg's averments that IPNav influenced or controlled the decision to sue Newegg." Response Brief at 8. Newegg made no mention of these post-filing communications in its Amended Counterclaim and to rely on them in its response to a motion to dismiss is improper. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). Even though Newegg had the opportunity to include such discussions in its Amended Counterclaim, it failed to do so, and therefore should not be permitted to rely on them in its response.

Not only is such extrinsic evidence outside the scope of a motion to dismiss, Newegg completely mischaracterizes these discussions. In its response, Newegg states that "in the course of these discussions, IPNav was evasive and either refused to answer direct questions or provided only vague and incomplete information." Response Brief at 7. This is simply not true. IPNav was forthcoming and provided Newegg with a proposed affidavit from its Chief Operating Officer, David L. Krueger, which addressed the relationship between IPNav and Data Carriers and also stated that IPNav was not responsible for authorizing the suit for patent infringement against Newegg in this action. After Newegg informed IPNav that such affidavit was not sufficient to satisfy its overreaching inquiries, IPNav made the decision to discontinue further communications as it was evident that Newegg had decided to pursue its counterclaim against IPNav no matter what information IPNav provided. IPNav therefore filed the currently

pending Motion to Dismiss as it was evident that the matter could not be resolved between the parties.

B.     **Newegg's Response Fails to State a Claim for Abuse of Process.**

Under Delaware law, the elements of an abuse of process claim are "(1) an ulterior improper purpose; and (2) a willful act improperly used in the regular conduct of proceedings." *Wooleyhan v. Cape Henlopen Bd. of Educ.,* 2010 U.S. Dist. LEXIS 65060, 18-19 (D. Del. 2010) *citing STMicroelectronics N.V. v. Agere Sys., Inc.,* 2009 Del. Super. LEXIS 184, at *4 (Del. Super. 2009). "Some form of coercion to obtain a collateral advantage…must be shown." *Nix v. Sawyer*, 466 A.2d 407, 412 (Del. Super. 1983) quoting *Prosser, Law of Torts*, § 121 (4th Ed. 1971). Newegg alleges that the present patent litigation (to which IPNav is not a party, but for Newegg's claim) is an attempt to coerce Newegg into settling two completely unrelated lawsuits with completely different parties. Neither Data Carriers nor IPNav are parties to the other lawsuits and Newegg has not pled otherwise. Because an abuse of process claim only exists against a party to a lawsuit, Newegg's counterclaim against IPNav must fail.

Next, Newegg argues that auctions selling covenants not to sue are a "perversion of the process". Response Brief at 15. However, the auctions to which Newegg refers were for completely unrelated cases. Newegg cannot rely upon auctions initiated in two unrelated actions with parties not involved in the present litigation as evidence of a claim for abuse of process in this case. In an unavailing attempt to make such auctions pertinent to the present case, Newegg argues that IPNav could have offered Newegg a covenant not to sue for claims asserted in this action. Unfortunately for Newegg, it has presented no evidence that it was offered a covenant not to sue relating to the claims in this case. Thus Newegg's hypothetical argument falls short of

a claim for abuse of process. Accordingly, Newegg's second attempt to state a claim for abuse of process fails.

C. **Newegg's Argument Regarding an Agency Relationship Between Data Carriers and IPNav is Irrelevant.**

The cases relied upon by Newegg for its argument regarding an agency relationship between IPNav and Data Carriers are irrelevant. These cases are principal/agent cases, in which the principal was found to be vicariously liable for the agents actions under the doctrine of *respondeat superior.* In the current case, Newegg alleges that IPNav is the agent which would make Data Carriers the principal. Newegg is alleging that the agent (IPNav) is responsible for the actions of the principal (Data Carriers) in filing its patent case. This is the reverse of the situations presented in the cases relied upon by Newegg leaving those cases inapplicable to the facts in this case. Accordingly, this misguided argument and the cases relied upon by Newegg to support it are irrelevant.

## CONCLUSION

For the reasons set forth herein, Defendant IPNav respectfully requests that this Court dismiss Count III of Newegg's First Amended Counterclaim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

        ECKERT SEAMANS CHERIN & MELLOTT LLC

        */s/ Kevin F. Brady*
        Kevin F. Brady (No. 2248)
        Jill Agro (No. 4629)
        300 Delaware Avenue, Suite 1210
        Wilmington, DE 19801
        (302) 574-7412
        kbrady@eckertseamans.com
         *Attorneys for IP Navigation Group, LLC*

Dated: January 10, 2013